YING LIN, Petitioner,

v.

Michael B. MUKASEY, United States Attorney General,\* Respondent.

No. 07–0869–ag.

United States Court of Appeals, Second Circuit.

Dec. 6, 2007.

Dehai Zhang, Flushing, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Lisa M. Arnold, Senior Litigation Counsel, Eric W. Marsteller, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

Present DENNIS JACOBS, Chief Judge, CHESTER J. STRAUB and ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Ying Lin, a native and citizen of China, seeks review of a February 15, 2007 order of the BIA affirming the August 18, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ying Lin,* No. A 97 954 512 (B.I.A. Feb. 15, 2007), *aff'g* No. A 97 954 512 (Immig. Ct. N.Y. City Aug. 18, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclu-

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

sive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also, e.g., Iouri v. Ashcroft,* 487 F.3d 76, 81 (2d Cir.2007) (citing section 1252(b)(4)(B)).

Substantial evidence supports the IJ's adverse credibility determination which was based on: (1) Lin's demeanor, which the IJ found lacking a "timbre of truth and the conviction of a person who had been a victim of persecution ... or ... of possible persecution"; (2) the inconsistency between Lin's testimony and the letter from her father regarding whether Lin's father or mother called to inform her that the police were searching for her; (3) Lin's implausible testimony that she would return to the Fujian province and use her own passport to flee China when there was a warrant for her arrest; and (4) the lack of any corroboration of Lin's claim that she continues to practice Falun Gong. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), overruled on other grounds by *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007) (en banc).

This Court affords significant deference to the IJ's determinations regarding demeanor. *See Zhou Yun Zhang,* 386 F.3d at 73–74. The IJ reasonably relied on the inconsistency regarding the identity of the person who informed Lin that police were searching for her, a finding of fact Lin did not challenge before this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). And there is substantial evidence further supporting the IJ's finding that a portion of Lin's testimony was implausible. Lin testified that she fled Fujian province as soon as she discovered that police were searching for her and had issued an arrest warrant. The IJ thus appropriately found implausible her testimony that she returned to Fujian province, where the arrest warrant was issued, and then used her passport to

flee China. *See Ming Xia Chen v. BIA,* 435 F.3d 141, 146 (2d Cir.2006). Additionally, Lin's failure to corroborate her claim that she continues to practice Falun Gong made her unable to rehabilitate the testimony that had already been called into question. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

To the extent that Lin challenges the IJ's other findings supporting the adverse credibility determination, we decline to consider these arguments because even if there were error, remand would be futile because it can be confidently predicted that the agency would reach the same conclusion on remand. *See id.* at 339. Because the only evidence that Lin's life or freedom would be threatened or that she was likely to be tortured depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on each of her claims for relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

Contrary to the government's argument, a petitioner's waiver of a claim does not, as a jurisdictional matter, preclude our review. *See Yueqing Zhang,* 426 F.3d at 541 n. 1, 545 n. 7. To the extent that the agency's adverse credibility determination was dispositive of Lin's withholding and CAT claims, we conclude that the denial of that relief was supported by substantial evidence.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the motion for a stay of removal is DISMISSED as moot.